UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE DETROIT
CARPENTERS FRINGE BENEFIT FUNDS,

      Plaintiffs,

v                                                  Case No.
                                                  Hon.

DNS Contracting, Inc.,
a Michigan corporation, and
David S. Spaw, an individual,
Jointly and severally,

      Defendants.
_____/

WALTER B. FISHER JR. (P51337)
CHARLES S. KENNEDY, III (P49486)
FILDEW HINKS, PLLC
Attorneys for Plaintiffs
26622 Woodward Avenue, Suite 225
Royal Oak, MI  48067
(248) 837-1397
wfisher@fildewhinks.com
ckennedy@fildewhinks.com
_____/

## **COMPLAINT**

Plaintiffs, by their attorneys, Fildew Hinks, PLLC, state:

1.      The Detroit Carpenters Fringe Benefit Funds, a voluntary association, consists of representatives and agents of the Detroit Carpenters Health and Welfare Fund, the Michigan Regional Council of Carpenters Employee Benefits Fund, the Carpenters Pension

Trust Fund - Detroit and Vicinity, the Carpenters Annuity Fund, The Michigan Regional Council of Carpenters Annuity Fund, the Detroit Carpenters Joint Apprenticeship and Training Trust Fund, the Guarantee Fund and the Industry Advancement Fund (if applicable), each of which is a trust fund established pursuant to the Labor-Management Relations Act of l947 ("LMRA"), as amended, 29 U.S.C., Section 141 et seq., and the Employee Retirement Income Security Act of l974 ("ERISA"), as amended, 29 U.S.C., Section 1001 et seq., having its principal office in this District and Division.  Plaintiffs are trustees of the funds named, on whose behalf, and on behalf of whose beneficiaries, this action is filed, as their respective interests shall appear.

    2.    Defendant DNS Contracting, Inc. is a Michigan corporation doing business in this district and division.

    3.    Defendant David S. Spaw is an individual doing business in this district and division.

    4.    Jurisdiction of this Court is predicated on Section 30l of the LMRA, 29 U.S.C., Section l85, and Section 502 of ERISA, 29 U.S.C., Section 1132, this being a suit for violation of a contract between an employer (Defendant) and the Michigan Regional Council of Carpenters, AFL-CIO, the successor to the Carpenters District Council of Detroit, (the "Union"), a labor organization representing employees in an industry affecting commerce.

## Count I    ERISA Claim

5.      On March 13, 2013, DNS Contracting, Inc. entered into the 2012-2022 Carpenters Independent Commercial Collective Bargaining Agreement with the Union.  A copy of the 2012-2022 Collective Bargaining Agreement is attached as Exhibit A.

6.      DNS Contracting, Inc. has not terminated the 2012-2022 Carpenters Commercial Collective Bargaining Agreement with the Union or any subsequent agreements.

7.      DNS Contracting, Inc. is currently bound to the 2012-2022 Independent Agreement.

8.      Pursuant to the collective bargaining agreements, DNS Contracting, Inc. became obligated to pay wages and to make periodic payments to the Funds represented by Plaintiffs, which payments constituted employee benefits earned by employees of DNS Contracting, Inc. who were either members, or fell within the jurisdiction, of the Union and were covered by the collective bargaining agreements.

9.      Pursuant to the collective bargaining agreements alleged above, Plaintiffs are entitled to audit the books and records of DNS Contracting, Inc. to verify the accuracy of the contributions made to Plaintiffs pursuant to the agreements as well as to determine the amount of any deficiency.  The books and records required include those listed on Exhibit B.

10. Plaintiffs demanded production of DNS Contracting, Inc.'s books and records on January 8, 2019 and January 13, 2020. A copy of the demand letters are attached as Exhibit C.

11. Despite demands by Plaintiffs, DNS Contracting, Inc. has failed, neglected and refused to produce the records necessary to perform the audit.

**WHEREFORE**, Plaintiffs pray:

A. That this court enter an order directing DNS Contracting, Inc. to submit to Plaintiffs for audit the books and records of DNS Contracting, Inc. described in Exhibit B attached hereto and expressly made a part hereof for the period October 1, 2016, through the date of production of the books and records.

B. That this court thereafter enter judgement against DNS Contracting, Inc. for all sums shown by the audit to be due to Plaintiffs, together with actual costs, liquidated damages, prejudgment interest, post judgment interest and actual attorney fees.

C. That this Court grant Plaintiffs any other relief that it deems appropriate.

### Count II    Michigan Builders Trust Fund Claim

12. Plaintiffs incorporate each and every preceding allegation set forth in this Complaint as though fully set forth herein.

13. During the period October 1, 2016, to the present, DNS Contracting, Inc. engaged in the business of commercial construction contracting, among other facets of the

construction industry, and as such conducted business in the building construction industry within the meaning of the Michigan Building Contract Fund Act, Mich. Comp. Laws Ann. §570.151 et seq. (hereinafter the "Trust Fund Act").

14. Upon information and belief, David S. Spaw, in connection with the operation of DNS Contracting, Inc. received payment from customers for all, or part, of the labor which remains the subject of the fringe benefit contributions which remain unpaid to Plaintiffs.

15. Pursuant to the Trust Fund Act, any such payments received by DNS Contracting, Inc. and/or David S. Spaw were deemed to be held in trust by them, as trustees for the benefit of, among others, the individual employees who furnished labor to, and or on behalf of, DNS Contracting, Inc.

16. Upon information and belief, the funds that were held in trust by DNS Contracting, Inc. and David S. Spaw, in their capacities under the Trust Fund Act, included the contributions DNS Contracting, Inc. was required to make to the Plaintiffs for the period October 1, 2016, to present.

17. Upon information and belief, in violation of the Trust Fund Act, DNS Contracting, Inc. and David S. Spaw retained, used or appropriated said payments received for purposes other than to pay the fringe benefit contributions accrued for the benefit of the individual carpenters employed by DNS Contracting, Inc.

18. Upon information and belief, DNS Contracting, Inc. and David S. Spaw appropriated monies paid to DNS Contracting, Inc. for their own business operations and/or for their own personal use before payment of all monies due, or to become due to Plaintiffs, in violation of Mich. Comp. Laws Ann. 570.151, et seq.

**WHEREFORE**, Plaintiffs request this court order an accounting in connection with payments received by DNS Contracting, Inc. for work performed during the period October 1, 2016, to present; declare DNS Contracting, Inc. and David S. Spaw to be Trustees with respect to funds received during that period; to trace the proceeds of the subject trust funds, and to enter judgment against DNS Contracting, Inc. and David S. Spaw jointly and severally for the amount of unpaid fringe benefits for the period October 1, 2016, to present, as determined by the audit of DNS Contracting, Inc.'s books and records, plus actual costs, interest and actual attorney fees.

Dated:  March 31, 2020                    **FILDEW HINKS, PLLC**

By:    /s/Walter B. Fisher Jr.
       Attorneys for Plaintiffs
       26622 Woodward Avenue
       Suite 225
       Royal Oak, MI 48067
       (248) 837-1397
       wfisher@fildewhinks.com
       P51337